IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONNY H. CROOK**

    **Plaintiff,**

vs.                                  CASE NO. 4:22-CV-00170-MW-MAF

**FLORIDA DEP'T OF CORR.,**
**et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* (IFP) but did not include the requisite inmate account statement detailing the transactions of the past six months; therefore, the Court is unable to determine if Plaintiff lacks funds with which to pay the $402 filing fee for this case. ECF No. 2. Nonetheless, as a "three-striker," Plaintiff is not entitled to proceed IFP.

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. ECF No. 1. See 28 U.S.C.

§ 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal court, is a three-striker under the Prison Litigation Reform Act (PLRA) and did not pay the $402 filing fee at the time he initiated this case. The case should be dismissed under the PLRA.

I. **Plaintiff's Complaint, ECF No. 1.**

Plaintiff sues the warden of Wakulla Correctional Institution and the Florida Department of Corrections (FDOC). ECF No. 1. Plaintiff claims the FDOC commits human rights violations under "Article # 06" and "Article #02. Id., p. 6. The complaint is nonsensical and contains no set of facts. Id. Plaintiff claims only: "distinction shall be made on the basis of the political jurisdiction[] or international status of the country or territory to which a person belongs, whether it be independent trust non-self-governing or under any other limitation of sovereignty." Id. Nonetheless, nothing in the complaint suggests that Plaintiff is in any imminent danger of serious physical injury. See ECF No. 1, generally. Plaintiff admits that he is a three-striker under the PLRA but does not identify any of his prior cases dismissed pursuant to Section 1915(g), which count as a "strike."

The Court takes judicial notice of certain federal cases initiated by Plaintiff and dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include Middle District of Florida

Case Nos. 3:05-cv-396-JHM-MCR; 3:05-cv-545-UA-MMH; 3:04-cv-1160-UA-MMH; and 3:04-cv-738-JHM-HTS for failure to exhaust administrative remedies. Additionally, Case No. 3:05-cv-356-TC-MMH was dismissed as frivolous and Case Nos. 3:05-cv-395-HES-HTS and 3:05-cv-593-J-16HTS were dismissed for failure to be truthful about prior cases. In the Northern District of Florida, Case No. 4:09-cv-275-RS/WCS was dismissed for failure to state a claim. Dismissal is also appropriate in the instant case.

## II. Plaintiff's Claims Do Not Satisfy the Imminent Danger Exception.

Plaintiff fails to demonstrate he is in imminent danger of serious physical injury at the time of his initial filing. The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As narrated above, Plaintiff had a least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will

not follow that trend because Plaintiff is a three-striker, did not pay the filing fee when he initiated the case, has not demonstrated that he is in imminent danger of serious physical injury, and his complaint is nonsensical.

## III.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** with prejudice under the three-strikes provision of 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on May 2, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).